

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JAMES GWALTNEY,**

    **Plaintiff,**

v.                                                                          CIVIL ACTION NO. 2:23-cv-308

**LOUIS DEJOY,**

    **Defendant.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Louis DeJoy's ("DeJoy") Motion to Dismiss Plaintiff's Amended Complaint ("Motion"). ECF Nos. 21–22. Plaintiff James Gwaltney ("Gwaltney") opposes the Motion. ECF No. 23. The parties agree that the facts and legal arguments are adequately set forth in the pleadings and oral argument is unnecessary, and this matter is now ripe for judicial determination. *See* E.D. Va. Local Civ. R. 7(E), (J); ECF No. 26. For the reasons stated herein, DeJoy's Motion to Dismiss is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Relevant to DeJoy's Motion to Dismiss and stated in the light most favorable to Gwaltney, the following alleged facts are drawn from the Amended Complaint and the attachments thereto.

Gwaltney was employed with the United States Postal Service ("USPS") as a City Carrier for 26 years in Norfolk, Virginia. Am. Compl. ¶ 14–15. DeJoy is the Chief Executive of the USPS, and Gwaltney is suing DeJoy in his official capacity. *Id.* ¶ 3.

Gwaltney has a degenerative joint disease of the neck and back. *Id.* ¶ 16. Around March 19, 2019, Gwaltney's physician filled out a "CA17" form that limited Gwaltney's work to six hours per day. *Id.* ¶ 19. Gwaltney would see his physician every two to three months, the physician

1

would fill out a new CA17 form, and Gwaltney would provide the CA17 form to USPS management. *Id.* ¶ 20. Two visits later, Gwaltney's physician amended the CA17 form allowing him to work eight hours per day. *Id.* ¶ 21. In September 2019, Gwaltney informed USPS management that he could work eight hours per day. *Id.*

Despite the physician's determination that Gwaltney could work eight hours per day, USPS continued to give Gwaltney a schedule for six hours per day and denied him overtime on his non-scheduled days. *Id.* Gwaltney alleges that other employees of another race received between eight and ten days of non-scheduled overtime pay. *Id.* ¶ 24. Gwaltney also alleges that, unlike Gwaltney, none of these employees were on the desired overtime list and did not ask to work on their days off. *Id.* ¶ 24. USPS only gave Gwaltney four days of non-scheduled overtime pay. *Id.*

Gwaltney claims that USPS failed to provide Gwaltney with a reasonable accommodation and Gwaltney suffered from disparate treatment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and Section 504 of the Rehabilitation Act of 1973. *Id.* at 5. Gwaltney seeks (i) back pay and front pay, (ii) compensatory and consequential damages, and (iii) attorneys' fees. *Id.*

Gwaltney filed a *pro se* Complaint against Louis DeJoy, in his official capacity as Postmaster General and Chief Executive of the USPS, on June 23, 2023. ECF No. 1. DeJoy moved to Dismiss for Failure to State a Claim and for Lack of Jurisdiction and provided *Roseboro* notice on November 20, 2023. ECF Nos. 9–11. After full briefing, the Court dismissed Gwaltney's *pro se* Complaint with leave to amend on February 12, 2024. ECF No. 19 ("Order"). Gwaltney filed an Amended Complaint through counsel on March 13, 2024. ECF No. 20. DeJoy moved to dismiss the Amended Complaint ("Mot. Dismiss") and filed a Memorandum in Support ("Mem. Supp.") on March 27, 2024. ECF Nos. 21–22. Gwaltney filed a Response in Opposition on April 8, 2024.

2

ECF No. 23 ("Resp. Opp'n"). Gwaltney also filed Supplement Exhibits to the Response in Opposition on April 9, 2024. ECF Nos. 24-1–3 ("Suppl. Exs."). DeJoy replied on April 12, 2024. ("Reply").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For the purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (quotations omitted). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *Id.* at 570. This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th

Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557). To achieve factual plausibility, plaintiffs must allege more than "naked assertion[s] . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation omitted).

## III. DISCUSSION

Under Rule 12(b)(6), DeJoy argues that Gwaltney fails to plead sufficient facts to establish the elements of his failure to accommodate and disparate treatment claims. *See generally* Mem. Supp. DeJoy also argues that the Court should dismiss Gwaltney's Amended Complaint with prejudice because Gwaltney's Opposition and the exhibits attached to his Supplemental Opposition do not cure his claims. Reply at 1.

Gwaltney argues that he pleads sufficient facts in the Amended Complaint. Resp. Opp'n at 2. He also argues that the Court should consider the administrative record that preceded this filing, arguing that it is incorporated by reference in the Amended Complaint. Resp. Opp'n at 2. In his Opposition to DeJoy's Motion to Dismiss, Gwaltney submitted excerpts of the administrative record. *See* Suppl. Exs.; Resp. Opp'n at 3.

A court is limited to considering the sufficiency of the allegations set forth in the complaint and the "documents attached or incorporated in the complaint." *Megaro v. McCollum*, 66 F.4th at 157 (4th Cir. 2023) (*quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *Megaro*, 66 F.4th at 157. Converting a motion to dismiss into a motion for summary judgment is not appropriate when the parties have not had an opportunity to conduct reasonable discovery. *Megaro*, 66 F.4th at 157 (citing *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597,

4

But a court may "take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. Courts may also consider documents attached to a motion to dismiss that are "integral to and explicitly relied on in the complaint and [where] the plaintiffs do not challenge [the document's] authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). The complaint need not explicitly quote the material to be considered integral to complaint. *See id.* The Court made clear in its Order dismissing Gwaltney's *pro se* Complaint "a complaint may not be amended by the briefs in opposition to a motion to dismiss." Order at 4 (quoting *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004)).

Because Gwaltney does not attach any administrative record materials to his Amended Complaint, and instead attached them to his Response in Opposition, the Court will only look to the Amended Complaint to determine if he sufficiently pleads his claims. In his Amended Complaint, Gwaltney briefly alleges that the Amended Complaint "derives from" an administrative proceeding and bases some allegations on certain pages of that record. Am. Compl. ¶ 9–10, 19, 21, 24. But the Court does not have the administrative record that Gwaltney cites. Gwaltney tries to supplement his Amended Complaint by filing copied portions of the administrative record with his Response in Opposition, but this filing cannot amend his pleadings. *See Katz*, 332 F. Supp. 2d at 917 n.9.[1] For these reasons, the Court will only evaluate Gwaltney's claims based on his Amended Complaint.

---

[1] Even if Gwaltney could amend his pleadings with these Supplemental Exhibits, some of the copies are of very low quality and are nearly impossible to read. *See generally* Supp. Exs.

5

A. **Claims of Discrimination Based on Disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101** *et seq.*

Gwaltney attempts to state a claim under the ADA. Am. Compl. ¶ 1. Gwaltney cannot state a claim under the ADA as a matter of law because the Postal Service "is not subject to suit under the ADA," *Brown v. Henderson*, 6 F. App'x 155, 156 (4th Cir. 2001), because the "USPS is not an 'employer' under the express terms of the Act." *Webster v. Henderson*, 32 F. App'x 36, 41 (4th Cir. 2002). The Rehabilitation Act "provides the sole grounds for any claim based on Plaintiff's requests for disability accommodation and allegations of disability discrimination." *Desai v. DeJoy*, 2024 WL 3092403, at *4 (E.D. Va. June 20, 2024) (citing *McNair v. Spencer*, 2018 WL 2147515 (E.D. Va. May 3, 2018)). Gwaltney's ADA claims are therefore **DISMISSED** for lack of subject-matter jurisdiction. *Id.*

B. **Claims of Discrimination Based on Disability in violation of the Rehabilitation act of 1973**

Gwaltney also brings a claim under The Rehabilitation Act. Am. Compl. at 5. The Rehabilitation Act Provides that "[n]o otherwise qualified individual with a disability… shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity… conducted by… the United States Postal Service." 29 U.S.C. § 794(a).

The Fourth Circuit "construe[s] the ADA and the Rehabilitation Act to impose similar requirements." *Halpern v. Wake Forest Univ. Health Sciences*, 669 F.3d 454, 461 (4th Cir. 2012). Therefore, a plaintiff must demonstrate the same elements to establish liability. *Id.* Under the Rehabilitation Act, a plaintiff may bring a claim based on the defendant's failure to provide a disabled employee with a reasonable accommodation. *Cochran v. Holder*, 2010 WL 447013, at *4

6

(E.D. Va. Feb 1, 2010) (citing *Edmonson v. Potter*, 118 F. App'x 726, 728 (4th Cir. 2004)). A plaintiff may also bring a "disparate treatment" claim alleging that an employer took adverse action against an employee based on the employee's disability. *Id.*

### 1. Failure to Accommodate Claim

To state a claim for failure to accommodate, Gwaltney must plausibly allege that "(1) []he is an individual who has a disability within the meaning of the statute; (2) the employer had notice of the disability; (3) with reasonable accommodation []he could perform the essential functions of the position; and (4) the employer refused to make such accommodations." *Mills v. Barreto*, 2004 WL 3335448, at *4 (E.D. Va. Mar. 8, 2004) (citing *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 (4th Cir. 2001)). The threshold requirement is that a plaintiff is disabled under the Act. *Id.*

The Rehabilitation Act defines "disability" the same as the ADA: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Major life activities also include the operation of a major bodily function including "functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." 42 U.S.C. § 12102(2)(B).

Gwaltney fails to sufficiently plead that he has a disability within the meaning of the Rehabilitation Act. Gwaltney pleads that he has a degenerative joint disease of the neck and back, Am. Compl. ¶ 16, but he does not allege how this condition "substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The Amended Complaint does not explain why

7

Gwaltney's physician limited him to six hours of work per day in March 2019. ¶ 19. Gwaltney also does not explain why the physician amended the CA17 form to allow Gwaltney to work eight hours per day. Am. Compl. ¶ 21. Gwaltney's amended CA17 form defeats any notion that Gwaltney had a record of an impairment at the time he sought accommodation.

Finally, Gwaltney does not sufficiently allege that USPS regarded him as disabled within the meaning of the statute. To show that one is "regarded as" disabled, a plaintiff must show that "(1) [the] employer 'mistakenly believe[d] that [she] has a physical impairment that substantially limits one or more major life activities," or (2) her employer "mistakenly believe[d] that an actual, nonlimiting impairment substantially limits one or more major life activities." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 390 (4th Cir. 2001) (quoting *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 703 (4th Cir. 2001). Gwaltney alleges that USPS knew that he suffered from a degenerative joint disease of the neck and back. *See* Am. Compl. ¶ 20. But "the fact that an employer is aware of an employee's impairment, without more, is 'insufficient to demonstrate that the employer regarded the employee as disabled or that perception caused the adverse employment action.'" *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 703 (4th Cir. 2001) (quoting *Kelly v. Drexel Univ.*, 94 F.3d 102, 109 (3d Cir. 1996). Gwaltney does not show that he had a disability that substantially impaired one or more major life activities or that he had a record of such an impairment. Thus, there is nothing in the Amended Complaint that suggests USPS would believe he had a disability.

Even if Gwaltney sufficiently pled a disability, he does not explain the essential functions of his position or any reasonable accommodations USPS could have made to allow him to perform those functions. Gwaltney argues that he was cleared to work eight hours per day after March 19, 2019, but that USPS denied him accommodations that would have allowed him to work eight hours by only offering him six-hour workdays. *See* Am. Compl. ¶ 21. Instead of asking for an

8

accommodation to allow him to work given a disability, Gwaltney asks for more working hours that he claims he can already complete without any accommodations. *See* Am. Compl. ¶ 21; Resp. Opp'n at 4.

### 2. Disparate Treatment Claim

To prevail on a disparate treatment claim, a plaintiff must establish that (1) he has a disability, (2) he is otherwise qualified to participate in the Defendant's program, and (3) he was excluded from the program based on his disability. *Halpern*, 669 F.3d at 461. Unlike the ADA, Gwaltney "must establish that he was excluded 'solely by reason of' his disability." *Id.* at 461–62.

As discussed above, Gwaltney has failed to sufficiently plead that he had an impairment that substantially limited one or more major life activities, had a record of such impairment, or that USPS regarded him as disabled within the meaning of the statute. Because this is a threshold requirement for both claims, *Mills*, 2004 WL 3335448, at *4, he has not properly pled disparate treatment.

Even if Gwaltney sufficiently pled a disability, he has failed to sufficiently plead that he is an "otherwise qualified" individual under the Rehabilitation Act. To be an "otherwise qualified individual," a court must first consider whether the plaintiff is able to perform the essential functions of the job in question. *Myers v. Hose*, 50 F.3d 278, 281 (4th Cir. 1995). As explained above, Gwaltney does not allege the essential functions of his position or any reasonable accommodations USPS could have made to allow him to perform those functions. Thus, the Court cannot determine whether Gwaltney is able to perform the essential functions of the job in question.

Finally, Gwaltney fails to sufficiently plead that he was excluded based on his disability. To survive a motion to dismiss, a plaintiff must contain sufficient facts to "nudge his claim of

9

invidious discrimination across the line from conceivable to plausible, either through comparator evidence or other indicia of discrimination." *Tutt v. Wormuth*, 2021 WL 4076729, at *2 (4th Cir. 2021). When a plaintiff uses comparators to establish an inference of unlawful discrimination, he must establish a plausible basis for believing [the comparators] were actually similarly situated." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010).

Gwaltney alleges that comparators, two Black employees and one Hispanic employee, received more days of non-scheduled overtime than Gwaltney. Am. Compl. ¶ 24. But Gwaltney's Amended Complaint does not establish a plausible basis for believing the comparators were similarly situated. Gwaltney does not include evidence that he and the comparators "dealt with the same supervisor, [were] subject to the same standards [or] ... engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010).

Gwaltney also does not allege that he was subject to any other indicia of discrimination. He has not alleged any discriminatory statements. Even if he did allege discriminatory statements, he has not established a nexus between the statements and an adverse employment action. *See Knight v. McCarthy*, 439 F. Supp. 3d 744, 756 n.22 (E.D. Va. 2020) ("Discriminatory statements standing alone are insufficient to state a claim; a plaintiff must also show 'a nexus between the discriminatory statements and the employment action.'").

The Court cannot draw a reasonable inference of a failure to accommodate or disparate treatment without more facts from Gwaltney. Therefore, DeJoy's Motion to Dismiss is granted.

## IV. CONCLUSION

For the foregoing reasons, DeJoy's Motion to Dismiss (ECF No. 21) is **GRANTED**. Gwaltney's Amended Complaint is **DISMISSED**.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 5, 2024

Raymond A. Jackson
United States District Judge